# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

ROBERT NEEDHAM,

      Plaintiff,                        CASE NO: 04-CV-10149-BC

vs.                                   DISTRICT JUDGE DAVID M. LAWSON
                                   MAGISTRATE JUDGE CHARLES BINDER

THE ROHO GROUP, INC.,

      Defendant.

_____/

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
# ON PLAINTIFF'S THIRD MOTION TO COMPEL
# AND FOR APPROPRIATE SANCTIONS PURSUANT TO FRCP 37[1]
### (Dkt. 54)

## I.    RECOMMENDATION

For the reasons set forth below, pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, and because Defendant has wilfully failed on more than one occasion to comply with legitimate discovery requests, **IT IS RECOMMENDED** that the motion be **GRANTED**, that all issues relating to liability be found in favor of Plaintiff and against Defendant, and that the case proceed to disposition on issues relating to damages.

## II.    REPORT

### A.    Introduction

Pursuant to an Order of Reference under 28 U.S.C. § 636(b)(1)(A) (Dkt. 57), the undersigned has been referenced the above-entitled motion which was filed June 10, 2005. (Dkt.

---

[1]Because I suggest the imposition of issue dispositive sanctions, a Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B).

54.)  Although it is titled as a motion to compel, Plaintiff asks that the Court impose sanctions for repeated discovery obstruction by Defendant.[2]  Defendant has failed to file a response within the time allowed under the rules.

This is a products liability action arising out of an allegedly defective wheelchair seat which caused Plaintiff, a paraplegic, to receive injuries requiring extensive medical treatment.  Plaintiff alleges a lengthy series of actions on the part of Defendant which Plaintiff believes effectively constitutes the deliberate obstruction of appropriate discovery, as well as the deliberate failure to comply with Judge Lawson's earlier issued discovery related directives.  Specifically, Plaintiff alleges that Defendant objected to a request for copies of Roho product warning materials in violation of Judge Lawson's direction.  (Pl.'s Mot., Dkt 54, Ex. A.)  Plaintiff alleges that although counsel has twice traveled to Defendant's facility in St. Louis, Missouri, he has been refused entrance to that facility for a site visit in violation of Judge Lawson's directions.  (*Id.*)  Plaintiff alleges that Defendant has failed to respond to interrogatories and requests to produce seeking information related to past litigation, a listing of all Roho products, a listing of all consumer complaints, a request to identify Roho's risk manager, photographs and depictions of the product at issue, service repair, maintenance materials, manuals and brochures, witness statements, packaging materials, design changes to the product at issue, and the information relied upon by Defendant's expert witness.  Plaintiff alleges that in response to a request for a deposition of the individual in charge of product safety compliance, a witness was produced.  At his deposition, that witness stated that he was not a product safety director and had no role in assuring the regulatory compliance of the product at issue.  (*Id.*, Exs. G & H.)  Plaintiff alleges that Defendant represented

---

[2] Plaintiff, citing the Michigan Court Rules, also seeks a finding that if the requested material had been produced, it would have been adverse to the Defendant's case. As this specific form of relief is not contemplated by the Federal Rules of Civil Procedure, it will not be considered.

that a witness named Eric Schmidt was director of inspection and packaging.  (*Id.*, Ex. I.)

However, witness Schmidt stated that he is not the director of inspection and packaging and that

his role began after the product had been inspected and placed in its container.  Plaintiff alleges

that a witness named Roger Gluek was the head of packaging.  (*Id.*, Ex. I.)  However, at his

deposition, witness Gluek stated that he was in fact responsible only for shipping of items already

packaged.  (*Id.*, Ex. K.)

### B.    Analysis and Conclusions

Federal Rule of Civil Procedure 37(b)(2) permits a court to "make such orders . . . as are

just" when a party has failed to "obey an order to provide or permit discovery, including an order

made under [Rule 37(a)] or Rule 35, or if a party fails to obey an order entered under Rule 26(f)[.]"

FED. R. CIV. P. 37(b)(2).  Examples of such orders, depending upon the circumstances, are:

> an order striking out pleadings or parts thereof, or staying further proceedings until
> the order is obeyed, or dismissing the action or proceeding or any part thereof, or
> rendering a judgment by default against the disobedient party[.]

FED. R. CIV. P. 37(b)(2)(C).

The Supreme Court has affirmed the inherent power of a district court to sanction the bad-

faith conduct of a party or their attorneys.  *See Chambers v. Nasco, Inc.,* 501 U.S. 32, 111 S. Ct.

2123, 115 L. Ed. 2d 27 (1991).  Rule 37 has been consistently construed to require a showing of

bad faith or willfulness before a court may impose the ultimate sanction of dismissal.  *See Harmon

v. CSX Transportation, Inc.*, 110 F.3d 364 (6th Cir. 1997); *Regional Refuse Systems, Inc. v. Inland

Reclamation Co.*, 842 F.2d 150 (6th Cir. 1988).  In this circuit,

> [a]mong the factors to be considered in reviewing the imposition of sanctions for an
> abuse of discretion, the appellate court should consider:  (1) whether the adversary
> was prejudiced by the [sanctioned] party's failure to cooperate in discovery, (2)
> whether the [sanctioned] party was warned that failure to cooperate could lead to

[such a sanction], and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Taylor v. Medtronics, Inc.*, 861 F.2d 980, 986 (6th Cir. 1988) (citing *Regional Refuse Systems*, 842 F.2d at 155. Dismissal is therefore the sanction of last resort and "[i]t should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) (citing *Taylor*, 861 F.2d at 985).

After review of the documents under the standards set forth above, I conclude that under Rule 26(b)(1) of the Federal Rules of Civil Procedure, the discovery requested is relevant to the issues raised in Plaintiff's complaint and not overbroad. During conferences, Judge Lawson directed that discovery go forward. Although Defendant has provided some responses to these requests, numerous relevant requests have neither been given a response nor had an objection lodged as to them. Defendant on two occasions has failed to allow counsel for Plaintiff to conduct a site visit of Defendant's facility in violation of Judge Lawson's directives. Witnesses proffered by the Defendant lack the expertise represented by defense counsel. Expert witness material has never been produced. I suggest that Defendant's continuing pattern of behavior can be characterized in no other way but that of deliberate and willful violation of Judge Lawson's directives and of Defendant's obligation to conduct discovery under the Federal Rules. Plaintiff correctly points out that discovery is now closed. (Dkt. 14.) In light of the extreme prejudice Plaintiff would suffer in the event this case went to trial on liability issues in this state, I suggest that the only appropriate sanction is that of issue determination and that it is appropriate in light of Defendant's behavior to find all liability issues in favor of Plaintiff and against Defendant. I therefore suggest that the case go forward on issues relating only to damages.

III.   **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


  s/ *Charles E Binder*
CHARLES E. BINDER
Dated: July 14, 2005                                       United States Magistrate Judge




**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Dennis Goebel, Julie Nichols and Grant Parsons, and served on District Judge Lawson in the traditional manner.


Date:  July 14, 2005                              By     s/Mary E. Dobbick
                                                                  Secretary to Magistrate Judge Binder