UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT NEEDHAM,

        Plaintiff,

                              Case Number 04-10149-BC
v.                               Honorable David M. Lawson

THE ROHO GROUP,

        Defendant.
_____/

## ORDER SUSTAINING IN PART THE OBJECTIONS TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE, DENYING THE MOTION FOR SANCTIONS, AND GRANTING IN PART THE MOTION TO COMPEL

This is a products liability action arising from an allegedly defective design of a wheelchair seat cushion that caused the plaintiff, a quadriplegic, to sustain injuries. Now before the Court is the report of Magistrate Judge Charles E. Binder recommending that the plaintiff's motion to compel and for sanctions be granted and that all issues of liability be found against the defendant due to wilful obstruction of discovery. The defendant filed objections to the magistrate judge's report. After conducting a *de novo* review of the motion papers, the Report and Recommendation, and the parties' responses thereto, the Court concludes that the extreme sanction recommended by the magistrate judge cannot be imposed because the defendant did not violate a previously-issued court order relating to the discovery material sought by the plaintiff. Because no order requiring the defendant to disclose the disputed evidence has been issued, the Court will reject the recommendation of the magistrate judge that all issues of liability be found in favor of the plaintiff. The Court, however, will grant in part the plaintiff's motion to compel.

It appears that the magistrate judge considered the plaintiff's motion without a response from

the defendant. It is understandable, therefore, that the magistrate judge did not address the arguments belatedly raised by the defendant in its objections.

However, the plain language of Rule 37(b) requires that a court order be issued, followed by a violation of that order, before a court can impose sanctions under that rule. *See Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994) (holding that "[t]he rule's plain language limits its applicability to situations where a court order has been violated. Moreover, the case law reveals that Rule 37(b)(2) has been invoked only against parties who have disobeyed a discovery ruling of some sort"); *Shepherd v. American Broad. Cos.*, 62 F.3d 1469, 1474 (D.C. Cir. 1995) (stating that "[a] production order is generally needed to trigger Rule 37(b)"). Because the defendant has not violated a prior order of this Court, no sanctions can be imposed under Rule 37(b).

The defendant, however, has failed to produce discovery material reasonably requested by the plaintiff. Although the magistrate judge did not address the production of that material, the Court finds that the plaintiff's requests are reasonable, the material requested falls within the scope of Rule 26(b)(1), and the defendant's failure to produce the material is not reasonable.

The plaintiff has made several requests for documents related to the "subject cushion" or "the air cushion which is the subject of this litigation," such as its February 1, 2005 request for photographs, service records, repair records, and maintenance records. The defendant chose to read that reference as denoting the accident cushion, rather than the more sensible reading of the term as referring to the model of the cushion alleged to be defectively designed. The defendant therefore consistently limited its responses to those discovery demands based on a semantical argument that is disingenuous. When the Court refers to the "subject cushion" in this order, the defendant shall take that term to mean the general model of the product alleged to be defectively designed.

In addition, the defendant claims to have produced much of the information requested by the plaintiff through testimony of deposed witnesses. In support of these claims, the defendant cites to the depositions of six individuals without referencing any specific page numbers. The Court deems it insufficient to cite several hundred pages of depositions without pinpoint citations when responding to a discovery motion alleging that the defendant has obstructed the discovery process. The defendant also claims in its objections to have produced "FDA documents and FDA correspondence concerning" the product, but these documents and correspondence were not attached as exhibits or otherwise specifically referenced.

Accordingly, it is **ORDERED** that the Report and Recommendation is **REJECTED**.

It is further **ORDERED** that the plaintiff's motion to compel and for sanctions [dkt # 54] is **GRANTED** in part and **DENIED** in part.

It is further **ORDERED** that the defendant produce the following items by September 28, 2005: the FDA documents related to the subject cushion referred to by the defendant in its objections at page 9, no. 6, with an explanation of the documents; all photographs, movies, videos, negatives, or any other depiction of the subject cushion as requested in Plaintiff's Request for Production of Documents dated February 1, 2005, No. 1; any service, repair, or maintenance records related to the subject cushion as requested in Plaintiff's Request for Production of Documents dated February 1, 2005, No. 3; and all changes in product warnings or instructions for the subject cushion from 1990 to the present as requested in Plaintiff's Request for Production of Documents dated February 9, 2005, No.3

It is further **ORDERED** that the defendant provide the plaintiff with the specific pages in the deposition transcripts where its representatives gave testimony about the following issues: past

litigation involving the subject cushion; Roho products for physically challenged people; prior complaints, claims, and settlements involving the subject cushion; regulatory compliance issues; testing and inspection of the subject cushion; product line information; and design changes. If the pages referenced are not responsive to the request, the defendant shall specifically respond to the request with the specific information.

It is further **ORDERED** that the plaintiff may apply for expenses and sanctions under Rule 37(a)(4) on or before September 21, 2005.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 15, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 15, 2005

s/Tracy A. Jacobs
TRACY A. JACOBS