UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT NEEDHAM,

        Plaintiff,                     Civil No. 04-10149
v.                                              Hon. David M. Lawson
                                                  Magistrate Judge Charles E. Binder

THE ROHO GROUP,

        Defendant.
_____/

**ORDER OVERRULING MAGISTRATE JUDGE'S ORDER, SUSTAINING
PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S ORDER, AND GRANTING
PLAINTIFF'S MOTION TO COMPEL**

This products liability case was removed to this Court on June 24, 2004. On January 10, 2006, the plaintiff filed a motion to compel the deposition testimony of two of the defendant's employees. The Court referred the matter to Magistrate Judge Charles E. Binder for hearing and determination of pretrial matters on January 12, 2006. After the referral, the defendant produced Mr. McCausland for deposition but continued to refuse to allow the deposition of Mr. Collins to be taken. On February 14, 2006, the magistrate judge denied the plaintiff's motion because discovery was closed at the time the decision on the motion was made and the magistrate judge believed the testimony would be duplicative. The plaintiff filed objections to this order on February 23, 2006.

The district court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Where

there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessmer City, North Carolina*, 470 U.S. 564, 573 (1985).

The Court has reviewed the order entered by the magistrate judge and determined that it is clearly erroneous. Before filing his motion, the plaintiff attempted to obtain the deposition of Mr. Collins without assistance from the Court. The plaintiff noticed the deposition and scheduled it for January 12, 2006, but the plaintiff was told by the defendant that Mr. Collins would not be made available. The plaintiff then filed his motion on January 10, 2006. The plaintiff plainly sought the deposition of Mr. Collins well before the motion was filed, and discovery did not close until January 19, 2006. Although discovery had closed at the time the magistrate judge ruled on the plaintiff's motion, discovery was still open at the time the motion was filed. The Court's delay in ruling on the plaintiff's motion is not grounds for denying the motion. In addition, there is no reason to believe Mr. Collins' testimony will be duplicative of Mr. McCausland's testimony. The mere fact that Mr. Collins is Mr. McCausland's subordinate does not support such a finding. The plaintiff alleges that the defendant failed properly to warn consumers of certain faults in the product, and it appears that the plaintiff only recently discovered that Collins and McCausland shared responsibility for drafting the product manual. They perform different jobs, and Mr. Collins may very well have information relevant to the plaintiff's claims. Liberal discovery is permitted under Federal Rule of Civil Procedure 26. For these reasons, the plaintiff's objections shall be sustained and the magistrate judge's order overruled.

Accordingly, it is **ORDERED** that the magistrate judge's order [dkt # 166] is **OVERRULED**.

It is further **ORDERED** that the plaintiff's objections [dkt # 172] are **SUSTAINED**.

It is further **ORDERED** that the plaintiff's motion to compel the deposition testimony of Mr. Collins [dkt # 146] is **GRANTED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 2, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---