UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT NEEDHAM,

          Plaintiff,

v.                                   Case Number 04-10149-BC
                                   Honorable David M. Lawson

THE ROHO GROUP,

          Defendant.

_____/

## ORDER DENYING AS UNTIMELY CERTAIN MOTIONS *IN LIMINE*

In this products liability case, the Court entered an amended scheduling order on October 21, 2005 establishing case management dates. The order provided: "Dispositive motions shall be filed on or before February 2, 2006." The Court also established a deadline for filing motions *in limine* on other evidentiary matters. That deadline was March 21, 2006.

Before the Court are the defendant's motions asking the Court to hold that the plaintiff's burden of proof is the same in a design defect claim as in a breach of implied warranty claim; to hold that knowledge possessed by William Graebe not be imputed to the defendant; and to preclude the plaintiff from pursuing a breach of express warranty claim. A motion *in limine* is "[a] pretrial motion requesting court to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to moving party that curative instructions cannot prevent predispositional effect on jury," *United States v. Tri-State Hosp. Supply Corp.*, 74 F. Supp. 2d 1311, 1312-13 n.3 (Ct. Int'l Trade 1999). The motions are styled as motions *in limine*, although in substance they seek adjudication on the merits. The motions were filed on March 21, 2006. Despite their title, they are not motions *in limine*; rather they are motions seeking affirmative relief as to the plaintiff's claims.

The amended scheduling order establishes the relevant case management dates in this case.

The defendant has not sought leave to file these motions out of time, nor has it made a showing that justifies amending the scheduling order. Because the motions are filed out of time, they will be denied.

Accordingly, it is **ORDERED** that the following motions are **DENIED** as untimely: defendant's motion *in limine* to find that plaintiff's burden of proof is the same for a design defect claim and a breach of implied warranty [dkt # 183]; defendant's motion *in limine* to preclude imputing any knowledge possessed by William Graebe to the defendant [dkt # 185]; and defendant's motion *in limine* to preclude any breach of express warranty claim [dkt # 188].

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 27, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 27, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS